THE WESTERN UNION TELEGRAPH COMPANY *v.* HILL.

1. A levy for the enforcement of a decree against specific property which describes the property as the decree describes it, though the description may be loose, is not void for uncertainty.

2. There being no evidence of any contract as to making a demand upon the telegraph company prior to bringing action for damages, it was not error for the court to decline to charge the jury in relation to a demand.

3. The defendant in error will be taxed with the costs of bringing up a second transcript of so much of the record as the plaintiff has brought up, and of so much in addition thereto as is wholly superfluous.

January 14, 1891.     By two Justices.

Levy. Charge of court. Demand. Practice. Before Judge MEYERHARDT. City court of Floyd county. June term, 1890.

After the former decision in this case as reported in 85 *Ga.* 425, a trial was had, and the jury found for the plaintiff $227.40 with interest and costs. The defendant moved for a new trial, one ground of the motion being that the levy in question was void for uncertainty and want of proper description, the sale was illegal and void, and the purchaser took nothing by his bid and acquired no title; and that, this being so, the plaintiff was not damaged by the sale. The levy was "on the S. W. portion of lot of land No. 213 in 18th district and 3d section of Polk county, Ga., as the property of J. B. Little and I. P. Harris, leased by J. B. Little in February, 1885, from J. H. Davitte for the space of five years with the privilege of keeping twenty years, for the purpose of raising lime-rock and burning lime; also one lime-kiln standing on said land; also that portion of lot No. 219 in 18th district and 3d section of said county, leased by said J. B. Little and I. P. Harris for the purpose of building houses on, and three small tenant houses standing on lot No. 219, as the property of J. B. Little and I. P. Harris; notice given parties in possession as required by law."

BIGBY & BERRY and C. ROWELL, for plaintiff in error.
WRIGHT & HARRIS, *contra.*

BLECKLEY, Chief Justice.

1. The levy was certainly loose in the description of

the property, but it was based upon a decree of the superior court and was as certain as the decree itself. It embraced certain lime-works, and parol evidence as to the situation of these works would be admissible to identify the property. On the whole, we do not think that the description was so uncertain as to render the sale made under the levy void.

2. The refusal of the court to charge the jury on the subject of a demand prior to bringing the action was proper, for the reason that there was no evidence on which to base any charge on the subject. When the case was here before (85 *Ga.* 425, 11 S. E. R. 874), it appeared that the terms printed on the telegram touching demand had been put in evidence, but on the second trial the telegram appears to have been introduced as written, without these printed terms going to the jury. At all events, there is nothing in the brief of evidence or elsewhere in the record showing that they constituted any part of the evidence submitted on the second trial. They are not mentioned either in the declaration or the plea, and from the transcript of the record now before us we cannot tell what they were, or indeed that there were any terms at all relating to a demand.

3. The transcript of the record which the defendant in error caused to be sent up was wholly superfluous as to most of its contents. There was no point made on the process or the entry of service, and consequently these were not needed. The plaintiff in error had brought up the declaration and the evidence of Wilson, Davitte and Woodruff; consequently a second transcript of these documents was not needed. We shall direct in the judgment that the costs of bringing up these superfluous matters be paid by the defendant in error. The court did not err in denying the motion for a new trial.            *Judgment affirmed.*